UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN EDWARD MEDVED,** | ) | **CASE NO. 4:23 CV 1752** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **U.S. DEPT. OF JUSTICE, et al.,** | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff John Edward Medved filed this civil rights action against the United States Department of Justice, the United States Parole Commission, and the United States Sixth Circuit Court of Appeals. Plaintiff's Complaint is difficult to comprehend. It appears he is contesting his final release from parole in 2015, claiming he should have received his final release in 2012. He also claims the transcript of his sentencing hearing was missing from the file of his criminal case when he requested a copy of it from the National Archive. He claims the file was his personal property and the loss of property is a breach of fiduciary duty and an unauthorized taking under the Fifth Amendment. Finally, it also appears he is claiming that he received ineffective assistance of counsel at his 1976 trial. He indicates he is bringing an action under 42 U.S.C. § 1983 and the Federal Tort Claims Act. He seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

## I.  BACKGROUND

Plaintiff was convicted in this District Court in 1976 on three counts of armed bank robbery.  *See United Sates v. Medved*, No. 4:76-cr-00045 (N.D. Ohio Dec. 20, 1976).  He was sentenced to an aggregate total of sixty years in prison.  *Id.*  He states he was released on parole December 9, 2007.

Plaintiff claims he should have been granted final release from parole after five years of supervision.  Plaintiff cites to 28 C.F.R. § 2.43(c) which states that:

> Five years after releasing a prisoner on supervision, the Commission shall terminate supervision over the parolee unless the Commission determines, after a hearing conducted in accordance with the procedures prescribed in 18 U.S.C. 4214(a)(2), that such supervision should not be terminated because there is a likelihood that the parolee will engage in conduct violating any criminal law. If the Commission does not terminate supervision under this paragraph, the parolee may request a hearing annually thereafter, and the Commission shall conduct an early termination hearing at least every two years.

He alleges he should have been granted final release on December 9, 2012.  Instead, the United States Parole Commission conducted a hearing and granted his final release from parole on May 21, 2015.  (Doc. No. at 4).

Plaintiff attempted to obtain a copy of the transcript of his sentencing hearing.  By that time, the case long had been closed and had been sent to the National Archives in Chicago, Illinois. He attaches a photocopy of a letter he received in 2016 from the National Archives informing him that they could not locate a copy of the sentencing transcript.  He was told he could visit the National Archives and view the file for himself.  He claims that records are

missing and this is a violation of the Government's fiduciary duty to him to protect his property. He also claims the loss of the transcript is an unauthorized taking under the Due Process Clause.

Finally, Plaintiff claims he received ineffective assistance of counsel at his 1976 trial. He states he was unable to raise this claim on appeal because the trial judge would not appoint different counsel to represent him on appeal. He alleges that his attorney protested on the record, indicating he could not argue his own ineffectiveness. He contends he is prevented from pursuing that claim because the transcript of the sentencing hearing is missing from his criminal file. He contends he is entitled to relief under 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA").

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

### III. ANALYSIS

As an initial matter, Plaintiff cannot bring claims against the Defendants under 42 U.S.C. § 1983. That statute specifically applies to actions committed by state and local officials. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). It does not provide a cause of action against federal government Defendants.

A very limited cause of action was judicially created for certain claims of constitutional violations by individual federal government officers in *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). This claim, however, is not available against federal government agencies. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). Plaintiff cannot bring a *Bivens* claim against these Defendants.

Furthermore, the Supreme Court of the United States limited causes of action under *Bivens* to claims under the Fourth Amendment's prohibition of unreasonable searches and seizures, the Fifth Amendment's prohibition of gender-discrimination and the Eighth Amendment's prohibition of Cruel and Unusual Punishment. The Court did not include claims

under the Fifth Amendment Takings Clause. *Ziglar v. Abbasi*, 582 U.S. 120, 131-132 (2017). Plaintiff does not assert a cause of action that can be asserted under *Bivens*.

In addition, Plaintiff cannot bring a claim against the Defendants under the Federal Tort Claims act. The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941). By enacting the FTCA, Congress waived the United States' sovereign immunity under very limited circumstances for claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *United States v. Orleans*, 425 U.S. 807 (1976). Congress defined the exact terms and conditions upon which the government may be sued and the terms of the United States' consent define the parameters of federal court jurisdiction to entertain suits brought against the United States. *United States v. Orleans*, 425 U.S. at 814; *Honda v. Clark*, 386 U.S. 484, 501 (1967).

The parameters placed on these tort claims dictate that they "shall forever be barred unless...presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The timely filing of an administrative claim is a requirement of the FTCA. If the administrative requirements of the FTCA have not been fulfilled, the case must be dismissed. *Dolan v. U.S.*, 514 F.3d 587, 593 (6th Cir. 2008). This Court cannot extend the waiver of immunity beyond what Congress intended. *United States v. Kubrick*, 444 U.S. 111, 118 (1979). Because section 2401(b) is a condition of the United States' waiver of immunity, it must be interpreted solely by reference to federal law.

Plaintiff gives no indication that he exhausted his administrative remedies for his claims. His claims under the FTCA must be dismissed.

Finally, even if Plaintiff had stated claims under *Bivens* and the FTCA, the statute of limitations for both of these claims expired. The statute of limitations for filing a *Bivens* action in Ohio is two years. *McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir.1987). Similarly, FTCA claims must be presented to the appropriate federal agency within two years to exhaust administrative remedies. Plaintiff was convicted in 1976. He obtained final release from parole in May 2015. He learned that the transcript of his sentencing hearing was not in his criminal file in August 2016. This action was filed in September 2023, well more than two years after any of these events took place.

### IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

11/28/2023

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.